IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **KATHY RODGERS** : | |
| : | |
| Plaintiff, : | |
| : | |
| vs. : | Case No. 1:19-cv-01431-TCB-JCF |
| : | |
| **UNIFUND CCR, LLC,** *et al.*, : | |
| : | |
| **Defendants.** : | |

## DEFENDANTS' MOTION TO FILE SETTLEMENT AGREEMENT UNDER SEAL

Defendants Unifund CCR LLC ("Unifund") and Lazega & Johanson, LLC ("Lazega"), by and through their undersigned counsel, hereby move to file the settlement agreement in this matter under seal. In support thereof, Defendants state as follows:

1. On August 30, 2019, Defendants moved to enforce the parties' settlement agreement (the "Motion" or "Motion to Enforce"). (*See* Doc. 21.) In the Motion, Defendants explain that Plaintiff's counsel accepted and approved a written settlement agreement (the "Settlement Agreement") on behalf of his client, then later changed his mind and refused to sign it based on his (erroneous) belief that the agreement prohibits Unifund from filing Form 1099-C. Defendants attached a copy

1

of the Settlement Agreement to their Motion, (Exhibits C and D-1 to Doc. 21), to show both (a) that Plaintiff's counsel approved the version of the agreement sent to him by Defendants, with one change to his signature block requested, and (b) that nothing in the Settlement Agreement speaks to, much less prohibits, filing Form 1099-C.

2.   As Plaintiff's counsel is well aware, Defendants consider the settlement amount to be highly confidential.[1] Indeed, the Settlement Agreement contains a confidentiality provision. Accordingly, Defendants redacted specific settlement numbers from the exhibits attached to their Motion, including redaction of the final settlement amount in the Settlement Agreement.  (*See* Doc. 21-3 at 2; Doc. 21-5 at 1.)

3.   In order to avoid unnecessary motion practice, while seeking to protect the confidentiality of the settlement amount which was not relevant to the parties' dispute, Defendants chose to redact the settlement amount rather than move to file the entire agreement (or even part of it) under seal.  Defendants note in their Motion to Enforce that the settlement amount is not pertinent to the parties' dispute, but that

---

[1] The Motion itself also repeatedly refers to a "confidential" settlement amount. (Doc. 21 at 2, 4.)

Defendants would provide an unredacted agreement for the Court's review should the Court find it necessary. (Doc. 21 at 4, n. 1.)

4. After Defendants filed the Motion to Enforce, Plaintiff's counsel contacted Defendants' counsel, asking if Defendants' counsel intended to file unredacted copies of the exhibits under seal. (*See* correspondence, attached as Exhibit A.) Counsel for Unifund responded to Plaintiff's counsel that the settlement amount was the only redacted term, and it was not relevant to the Motion. Unifund's counsel asked Plaintiff's counsel to explain why he thought it was relevant if he disagreed. (*See* Exhibit B.)

5. Plaintiff's counsel responded that Defendants had waived confidentiality as to the agreement by not filing it under seal, and that he would move forward with unredacted filings if Defendants did not move to file the agreement under seal. Plaintiff's counsel did not respond to Defendants' question as to the relevance of the settlement amount. (*See* Exhibit C.)

6. A few days later, on September 3, 2019, Unifund's counsel e-mailed Plaintiff's counsel, reiterating that the settlement amount remains confidential as it has not been disclosed, and asked Plaintiff's counsel again as to why he thought it was necessary to disclose the settlement amount. Plaintiff's counsel did not respond. (*See* Exhibit D.)

3

7. On September 9, 2019, Plaintiff's counsel again e-mailed Defendants' counsel, stating, "If you do not move to file under seal I will view this as a waiver of confidentiality and proceed to file the entire proposed agreement." (*See* Exhibit. E.)

8. Unfiund's counsel responded by asking, for the third time, why there was any need to disclose the settlement amount. (*See* Exhibit F.)

9. Plaintiff's counsel responded and expressly refused to provide an explanation, instead vaguely referring to "principles of contract law." (*See* Exhibit G.)

10. Defendants maintain that the settlement amount is not relevant in any way, shape or form to the Motion to Enforce. Plaintiff's counsel has not raised any issue with Defendants regarding the settlement amount or otherwise disputed that the parties agreed on a specific number that is reflected in the Settlement Agreement.[2] Defendants also dispute Plaintiff's counsel's contention that confidentiality of the settlement amount has been waived, given the fact that the

---

[2] Indeed, Plaintiff's counsel's express refusal to explain his alleged basis for needing to refer to the specific settlement amount is evident that he only has an interest in gamesmanship and harassing Defendants, wasting the time of Defendants and this Court, and that he has no legitimate reason for disclosing the settlement amount.

amount was redacted from all of Defendants' filings pertaining to the Motion to Enforce and the settlement amount is not at issue. However, given Plaintiff's counsel's threats to violate the confidentiality of the Settlement Agreement and publicly disclose the settlement amount, Defendants are left with no choice but to move to file the agreement under seal.

11.   Accordingly, Defendants respectfully request that the Court permit them to file the Settlement Agreement, which was previously filed as Exhibit C and Exhibit D-1 to Defendants' Motion to Enforce in redacted form, under seal. *See Muhammad v. JP Morgan Chase Co.*, No. 1:15-cv-0107-AT, 2015 WL 13777036 (N.D. Ga. July 30, 2015) ("[T]he Magistrate Judge properly granted Defendants leave to file the Settlement Agreement under seal. The Settlement Agreement, by its own terms, was meant to remain confidential."); *Siemens Indus., Inc. v. SIPCO, LLC*, No. 1:10-cv-2478-JEC, 2012 WL 5334186, at *8 (N.D. Ga. Oct. 26, 2012) (finding good cause to grant motions to seal "because the referenced filings include and restate the material portions of a confidential settlement agreement").

12.   Defendants further request that the Court order Plaintiff to not publicly file any unredacted references to the settlement amount in either the Settlement Agreement or any draft thereof or to settlement amounts communicated by either Plaintiff's counsel, Lazega's counsel, or Unifund's counsel in settlement negotiations.

13. Plaintiff's counsel has indicated that he does not oppose Defendants' request to file the Settlement Agreement under seal.

14. A proposed order is attached hereto.

WHEREFORE, premises considered, premises considered, Defendants respectfully request that (1) the Court permit them to file the copies of the Settlement Agreement filed with their Motion to Enforce as Exhibits C and D-1 under seal and (2) that the Court order Plaintiff not to file any unsealed documents that disclose the final settlement amounts or settlement offers or demands.

Respectfully submitted this 11 September 2019.

| | |
|---|---|
| */s/ Jill R. Dunn* | /s/ *Rachel R. Friedman* |
| Jill R. Dunn | R. Frank Springfield (Ga. Bar 316045) |
| Georgia Bar No. 602155 | fspringfield@burr.com |
| Matthew N. Foree | Rachel R. Friedman (Ga. Bar 456493) |
| Georgia Bar No. 268702 | rfriedman@burr.com |
| FREEMAN MATHIS & GARY, LLP | BURR & FORMAN, LLP |
| 100 Galleria Parkway | 171 Seventeenth St, NW, Suite 1100 |
| Suite 1600 | Atlanta, Georgia 30363 |
| Atlanta, Georgia 30339 | Telephone: (404) 815-3000 |
| (770) 818-1409 (telephone) | Facsimile: (404) 817-3244 |
| (770) 937-9960 (facsimile) | *Attorneys for Defendant Unifund CCR, LLC* |
| Email: jdunn@fmglaw.com | |
| Email: mforee@fmglaw.com | |

*Attorneys for Defendant Lazega & Johanson LLC*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local R. 7.1(D), this is to certify that the foregoing complies with the font and point setting approved by the Court in Local R. 5.1(B).  The foregoing document was prepared on a computer, using Times New Roman 14-point font.

*s/ Rachel R. Friedman*
Rachel R. Friedman
Georgia Bar No. 456493
rfriedman@burr.com

42014902 v1

## CERTIFICATE OF SERVICE

On September 11, 2019, I electronically filed the foregoing through the CM/ECF system, which will provide electronic notice to the following:

John William Nelson
The Nelson Law Chambers LLC
2180 Satellite Blvd., Suite 400
Duluth, Georgia 30097
john@nelsonchambers.com

                                          *s/ Rachel R. Friedman*
                                          Rachel R. Friedman
                                          Georgia Bar No. 456493
                                          rfriedman@burr.com