IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **KATHY RODGERS** : |  |
| : |  |
| **Plaintiff,** : |  |
| : |  |
| vs. : | Case No. 1:19-cv-01431-TCB-JCF |
| : |  |
| **UNIFUND CCR, LLC,** *et al.*, : |  |
| : |  |
| **Defendants.** : |  |

### DEFENDANTS' REPLY IN SUPPORT OF MOTION TO FILE SETTLEMENT AGREEMENT UNDER SEAL

Defendants Unifund CCR LLC ("Unifund") and Lazega & Johanson LLC ("Lazega"), by and through their undersigned counsel, hereby file this reply in support of their Motion to File Settlement Agreement Under Seal, (Doc. 27), stating as follows:

### I. ARGUMENT

**A.    The Motion to Seal Should Be Granted, as It Was Filed Upon Plaintiff's Request and Plaintiff Stated She Would Not Oppose It.**

After the parties reached a settlement of Plaintiff's two parallel lawsuits against Defendants in this Court, cases no. 1:19-cv-1431 and 1:19-cv-1432, Plaintiff's counsel refused to move forward with the settlement for the specific reason that he would not settle the case if Unifund was going to comply with its

42207775 v1

obligations under federal tax law resulting from the settlement and file Form 1099-C. Plaintiff in fact represented to the Court in her Motion to Reopen the case that this was the very basis (and the only basis) for the settlement dispute. (*See* Doc. 17.)

Plaintiff never stated, either in the Motion to Reopen or in communications to Defendants' counsel, that the parties had not reached an agreement as to the settlement amount.[1] Indeed, it is clear from Plaintiff's Motion to Reopen, and her own expressed desire therein to potentially move to enforce the settlement, that the dispute did not concern whether or not a settlement had been reached. Instead, the parties disagreed on what the terms of the settlement meant. (*See* Doc. 17 at 2 (discussing Plaintiff's view of the meaning of the mutual release); Doc. 17 at 3 (alleging that Unifund "insists on taking a position inconsistent with both the spirit and the meaning of **the terms of the settlement** in this case") (emphasis added).

Accordingly, when Defendants moved to enforce the settlement agreement (the "Motion to Enforce") (Doc. 27), they redacted any reference to the confidential

---

[1] It was only after Unifund confirmed to Plaintiff that it was required by federal law to file Form 1099-C—and after Plaintiff's counsel had approved the settlement agreement and the settlement payment noted therein—that Plaintiff's counsel demanded that the settlement terms and payment amount be changed. (*See* Doc. 21-10 at 3 (e-mail from Plaintiff's counsel noting, "If Unifund insists it will not abide by the terms of the settlement agreement [by filing Form 1099-C], . . . Ms. Rodgers may be willing to address this by an increase in the settlement amount.").

settlement amount since it was not at issue. By redacting this amount and filing the rest of the document publicly, Defendants complied with the Court's stated preference for redacting portions of publicly filed documents when possible, rather than sealing entire documents.[2] After Defendants filed the Motion to Enforce, however, Plaintiff's counsel demanded that Defendants file an unredacted version of the settlement agreement disclosing the settlement amount under seal, or else he threatened to file an unredacted version publicly. (*See* Doc. 27-1 at 1; Doc. 27-3 at 1; Doc. 27-5 at 1.) He further stated that **he would not oppose** Defendants' efforts to file the agreement under seal. (Doc. 27-1 at 1; Doc. 27-3 at 1.) Plaintiff's counsel refused to respond to Defendants' request for an explanation as to why the agreement needed to be filed under seal, since the settlement amount was not in dispute. (Doc. 27-6; Doc. 27-7.)

---

[2] *See* Instructions of Judge Batten, available at http://www.gand.uscourts.gov/sites/default/files/TCB_Instructions.pdf, p. 14 (noting that "[t]he Court eschews the excessive use of consent protective confidentiality orders . . . " and that the Court is "not hesitant" to sanction a party for over-use of confidentiality designations); Standing Order of Judge Totenberg, available at http://www.gand.uscourts.gov/sites/default/files/at_case_guidelines.pdf, p. 24 (noting that "If a document contains some discrete material that is deemed confidential . . . , the Parties will be entitled to redact only those portions of the document deemed confidential").

Nonetheless, in order to avoid Plaintiff following through on her threats of unredacted filings of the confidential payment term, Defendants complied with Plaintiff's demands by moving to seal the unredacted settlement agreement. **Plaintiff now opposes the very thing she demanded and promised not to oppose.** Plaintiff's Response completely fails to address or explain this change of position. Plaintiff's opposition to the Motion to Seal, along with her backtracking on settlement, is a waste of the Court's and Defendants' time and resources. Defendants' Motion to Seal should be granted for the fundamental reason that Plaintiff's counsel himself requested that it be sealed and represented in writing he would not oppose it, as shown in the e-mails attached to Defendants' Motion to Seal. Any argument to the contrary is simply an attempt to unduly prolong and delay the resolution of this case by distracting the Court from what Plaintiff originally represented to be the only item in dispute: whether the settlement agreed to by Plaintiff precludes Unifund from filing Form 1099-C. For this most basic reason, the Motion to Seal should be granted.

    **B.**     **Plaintiff Provides No Valid Basis for Publicly Disclosing the Settlement Amount.**

In her opposition to Defendants' Motion to Seal the Settlement Agreement, Plaintiff fails to provide any legitimate basis for denying confidential status to the settlement amount—the only term of the settlement agreement that has not already

been publicly filed and which Defendants seek to keep confidential. Plaintiff does not suggest that there is even the slightest public interest in the settlement amount being publicly disclosed. Indeed, there is not. And any public interest in the settlement should be satisfied by the fact that the vast majority of the settlement agreement has been publicly filed.

Because none of the positions raised in Plaintiff's Response to the Motion to Seal have merit, for the reasons explained below, Defendant's Motion to Seal is due to be granted so as to protect the confidentiality of the payment term. *See Local Access, LLC v. Peerless Network, Inc.*, No. 6:14–cv–399-Orl-40-TBS, 2017 WL 2212786, at *2 (M.D. Fla. May 17, 2017) (granting motion to seal filings containing the substance of settlement negotiations, noting that the information sought to be sealed is not related to public officials or public concerns); *Reid v. Viacom Internat'l Inc.*, No. 1:14-cv-1252-MHC, 2016 WL 4157208, at *5 (N.D. Ga. Jan. 25, 2016) (granting motion to seal deposition testimony that referenced confidential settlement agreement); *Lee v. Ocwen Loan Servicing, LLC*, No. 1:14-cv-99-TCB-LTW, 2014 WL 12546415, at *1 (N.D. Ga. June 17, 2014) (granting motion to seal settlement agreement, noting the parties' intent to keep the document confidential and the "strong societal interest in giving the parties an opportunity to settle their disputes in private").

>    **1.   Defendants Did Not Move to File the Settlement Agreement Under Seal with Their Motion to Enforce Because There Was No Reason to Do So.**

Plaintiff contends that Defendants should have moved to file the Settlement Agreement under seal at the time they filed the Motion to Enforce or should have requested that their Motion to Seal "relate back" to their Motion to Enforce. However, based on Plaintiff's representations to Defendants and to the Court, there was no reason for Defendants to think the settlement amount was pertinent to the settlement dispute at the time the Motion to Enforce was filed—and there still is not. Therefore, as explained in Defendants' Motion to Seal, Defendants filed the settlement agreement and settlement communications with the settlement amount redacted in order to protect its confidentiality.

Because the settlement amount was not at issue, and to avoid unnecessary motion practice with a motion to seal, Defendants simply redacted the payment term. Given the context of the surrounding text, the provision containing the redacted payment term says nothing about whether Unifund is precluded from filing Form 1099. Defendants explained their actions to the Court and stated their willingness "to provide the unredacted agreement for the Court's review should the Court find it necessary." (Doc. 21 at 4, n. 1.) Defendants maintain that the settlement amount has not been put at issue, and is not necessary for the resolution of their Motion to

Enforce unless and until Plaintiff comes forward with evidence that she has not agreed to the settlement amount stated in the settlement agreement (which Plaintiff has not done).[3]  Again, Defendants only filed the Motion to Seal to avoid Plaintiff's threats to file the settlement amount publicly.  For this reason, Defendants did not seek to have the sealed documents "relate back" to their original filing.  However, should the Court find the settlement amount necessary for purposes of the Motion to Enforce, Defendants request that the Court either review the provisionally sealed filing or allow the document to be filed under seal, rather than require that the settlement amount be disclosed publicly.

### 2. Defendants Have Not Waived Confidentiality of the Settlement Amount.

Plaintiff next argues that Defendants somehow waived the confidentiality of the entire settlement agreement by "cherry-pick[ing] the portions of the settlement agreement they wished to make public, and redact[ing] the portions they wished to

---

[3] Plaintiff notes that the settlement amount is relevant because the Court must have access to the "essential terms of the alleged contract, including the settlement amount." (Doc. 30 at 4.) Again, Defendants' Motion to Enforce states their willingness to provide the unredacted document to the Court if it became necessary, but at the time the Motion to Enforce was filed, Plaintiff had made clear that the settlement amount was not in dispute. Regardless, granting Defendants' request to file the agreement under seal will allow the Court to review the agreement in its entirety.

keep confidential." (Doc. 30 at 2.) Plaintiff's argument is nonsensical. Nothing in the settlement agreement states that if one clause of the agreement is disclosed, confidentiality is waived as to the entire agreement. Defendants understand that filing a document publicly generally waives any claim of confidentiality to any disclosed terms. The Settlement Agreement itself states that the confidentiality provision does not apply to "any action to enforce this Settlement Agreement."[4] (Doc. 21-3 ¶ 10.) However, nothing prevents Defendants from redacting terms they do *not* wish to disclose, and which were not necessary to the Motion to Enforce.

Indeed, it is commonplace for a document to be filed publicly with only portions redacted, where the confidentiality of those portions is sought to be maintained and irrelevant to the disposition of the filing. Redaction is a well-recognized mechanism for maintaining the confidentiality of private information in court filings. *See, e.g.*, *Glaster v. ELCO Landmark Residential Management, LLC*, No. 2:14–cv–00245–MHH, 2015 WL 1530637 (N.D. Ala. Apr. 6, 2015) ("[T]he parties asked for permission to redact the settlement amounts from the settlement agreements . . . Because the Court is satisfied the settlement agreements are fair and

---

[4] For this reason, Plaintiff's suggestion that Defendants somehow "breached" the confidentiality provision by filing the document with their Motion to Enforce is unfounded. Likewise, for this same reason, Defendants did not need Plaintiff's permission to file the agreement, as Plaintiff suggests.

reasonable resolutions of bona fide disputes, the Court allowed the parties to file the agreements with the dollar amounts and other personal information redacted."); *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. EPT Management Co.*, No. 1:06-cv-024-CAP, 2007 WL 9701932, at *3 (N.D. Ga. Jan. 12, 2007) ("National Union may redact the identities of the insured claimants to protect their confidentiality."). And as noted, redacting documents rather than sealing them is also the Court's stated preference. *See supra*, fn. 2.

    Plaintiff's contention that Defendants somehow waived the confidentiality of the settlement payment amount by taking measures to **protect** its confidentiality simply does not make sense. Defendants not only redacted the settlement amount from the settlement agreement and all settlement correspondence attached to the Motion to Enforce, but also reiterated in their Motion to Enforce that the settlement amount is considered "highly confidential," thus negating any express or implied waiver of confidentiality as to that term. (Doc. 27 at 2.) *See Wiggins v. State*, 782 S.E.2d 31, 34 (Ga. 2016) (waiver is "an intentional relinquishment or abandonment of a known right"). Plaintiff provides no authority for her argument that disclosure of part of a confidential document waives confidentiality as to the entire document. Rather than "cherry-picking" confidentiality, as Plaintiff characterizes Defendants' actions, Defendants have simply disclosed enough of the agreement as was

necessary for the Court to review their Motion to Enforce, nothing more.[5] Accordingly, Defendants have not waived confidentiality of the settlement amount.

### 3. Sealing the Settlement Agreement In No Way Burdens Plaintiff.

Finally, Plaintiff contends that the Motion to Seal and Defendants' request for a protective order should be denied because granting it will "burden Plaintiff and her counsel with significant redaction requirements." (Doc. 30 at 4.) The Court has already ruled on this aspect of Defendants' Motion by ordering that Plaintiff is prohibited from filing any reference to the settlement amount except under seal. (Doc. 29 at 4.) The Court has also directly addressed Plaintiff's concern about complying with redaction requirements by stating that Plaintiff may simply provisionally file her response brief under seal. (Docket entry, Sept. 25, 2019).

Defendants disagree that redacting one word (a settlement figure) from e-mails or briefs is an onerous requirement. However, if anything, any such burden only weighs in favor of sealing the Settlement Agreement and any related correspondence, as filing a document under seal shields the entire document from public view, and does not require redactions. Plaintiff may also cite to the Settlement

---

[5] If Plaintiff is suggesting that the redacted versions of the settlement agreement should be withdrawn from the public record and the sealed versions filed in their place, Defendants have no opposition to that.

Agreement filed by Defendants under seal.  In fact, Defendants moved to file the settlement agreement under seal precisely so that Plaintiff could rely on it in her response to the Motion to Enforce and avoid Plaintiff's counsel filing his own unredacted versions, as he threatened to do.  Therefore, any alleged burden on Plaintiff does not give cause to deny the Motion to Seal, but rather supports granting it.

## II.  CONCLUSION

For the reasons stated herein, Defendants respectfully request that the Court grant their Motion to Seal, and seal the unredacted versions of the settlement agreement.

Respectfully submitted this 18th day of October, 2019.

| | |
|---|---|
| */s/ Jill R. Dunn* | */s/ R. Frank Springfield* |
| Jill R. Dunn | R. Frank Springfield (Ga. Bar 316045) |
| Georgia Bar No. 602155 | fspringfield@burr.com |
| Matthew N. Foree | Rachel R. Friedman (Ga. Bar 456493) |
| Georgia Bar No. 268702 | rfriedman@burr.com |
| FREEMAN MATHIS & GARY, LLP | BURR & FORMAN, LLP |
| 100 Galleria Parkway | 171 Seventeenth St, NW, Suite 1100 |
| Suite 1600 | Atlanta, Georgia  30363 |
| Atlanta, Georgia 30339 | Telephone:  (404) 815-3000 |
| (770) 818-1409 (telephone) | Facsimile:  (404) 817-3244 |
| (770) 937-9960 (facsimile) | |
| Email: jdunn@fmglaw.com | *Attorneys for Defendant Unifund CCR, LLC* |
| Email: mforee@fmglaw.com | |

*Attorneys for Defendant Lazega & Johanson LLC*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local R. 7.1(D), this is to certify that the foregoing complies with the font and point setting approved by the Court in Local R. 5.1(B).  The foregoing document was prepared on a computer, using Times New Roman 14-point font.

>*s/ Rachel R. Friedman*
>Rachel R. Friedman
>Georgia Bar No. 456493
>rfriedman@burr.com

## CERTIFICATE OF SERVICE

On October 18, 2019, I electronically filed the foregoing through the CM/ECF system, which will provide electronic notice to the following:

John William Nelson
The Nelson Law Chambers LLC
2180 Satellite Blvd., Suite 400
Duluth, Georgia 30097
john@nelsonchambers.com

*s/ Rachel R. Friedman*
Rachel R. Friedman
Georgia Bar No. 456493
rfriedman@burr.com
